**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JAMES PICKENS**                                                                   **PLAINTIFF**

**VS.**                                    **Civil Action No. 3:16cv-913-CWR-FKB**

**MANAGEMENT & TRAINING CORPORATION
LEPHER JENKINS, WARDEN, IN HIS OFFICIAL CAPACITY
GRADY WALLACE, IN HIS OFFICIAL CAPACITY
TERRY DANIEL, CHIEF OF SECURITY, IN HIS OFFICIAL CAPACITY
AMEDIO COLANGELO, IN HIS OFFICIAL CAPACITY
KAREN MOOREHEAD, IN HER OFFICIAL CAPACITY
AND JOHN AND JANE DOES 1-94**                       **DEFENDANTS**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREBUTTAL IN FURTHER
OPPOSITION TO MTC'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, James Pickens, and seeks leave to file a Surrebuttal in Further Opposition to Defendant's Motion for Summary Judgment in light of the fact that Defendant advanced new arguments and cited to additional legal authorities, for the first time, in its Reply in Further Support of Motion for Summary Judgment.

1. The Defendant filed its Motion for Summary Judgment and accompanying Memorandum Brief on June 26, 2017 [Doc. 35 and 36, respectively].

2. In Defendant's summary judgment briefing, the Defendant made only passing reference to the date that it contends to be Plaintiff's "release date":

> The Complaint was filed on November 18, 2016, and Pickens was released from custody on March 14, 2017.

Defendant's Memorandum Brief in Support of Motion for Summary Judgment, p. 4, fn 12.

3. The Defendant provided no factual or legal basis to support how it arrived at or determined said date.

4.	Defendant thereafter filed in Reply Brief Supporting Motion for Summary Judgment on July 10, 2017 [Doc. #40].  Here, for the first time, Defendant argues that the Plaintiff's "release date" should not be calculated by the date listed on Plaintiff's "Certificate of Earned Release Supervision," but, instead, should be the date that the Plaintiff's "Earned Release Supervision" period terminated.

5.	The exact date that Plaintiff was "released" and thus no longer considered to be a "prisoner" as defined by the PLRA is the central-most issue before the Court with respect to ruling on the Defendant's Motion for Summary Judgment.

6.	The Defendant's Reply Brief [Doc. #40] misstates and misapplies statutes and case law directly relevant to this determination.

7.	Plaintiff would be unduly prejudiced if he were not allowed to fully brief and respond to the Defendant's new arguments and supposed legal authority.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter an Order allowing the Plaintiff to file his Surrebuttal in Further Opposition of Defendant's Motion for Summary Judgment, which is attached hereto as Exhibit A.

Dated this the 11th day of July, 2017.

Respectfully submitted,

JAMES PICKENS, PLAINTIFF

By:	s/Shanda M. Yates
	Shanda M. Yates

**OF COUNSEL:**
Yancy B. Burns (MSB No. 99128)
Shanda M. Yates (MSB No. 102687)
**BURNS & ASSOCIATES, PLLC**
P.O. Box 16409
Jackson, MS 39236
syates@burnsandassociateslaw.com
yburns@burnsandassociateslaw.com

## CERTIFICATE OF SERVICE

I, Shanda M. Yates, do hereby certify that I have this day forwarded via the Court's ECF filing system, a true and correct copy of the above and foregoing pleading to:

R. Jarrad Garner
Jarrad.garner@arlaw.com

H. Richard Davis, Jr.
Richard.davis@arlaw.com

This the 11th day of July, 2017.

s/Shanda M. Yates
Shanda M. Yates