**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSPPI
NORTHERN DIVISION**

**JAMES PICKENS**                                                                                                 **PLAINTIFF**

**VS.**                                                 **CIVIL ACTION NO. 3:16-CV-00913-CWR-FKB**

**MANAGEMENT & TRAINING CORP.,** *et al*                                   **DEFENDANT**

## MOTION TO STRIKE DEFENSES AND FOR DEFAULT JUDGMENT
## ORAL ARGUMENT REQUESTED

COMES NOW the Plaintiff, James Pickens, by and through counsel, and files this, his Motion to Strike Defenses and Default Judgment, and would show unto the Court as follows:

### I. INTRODUCTION

This suit stems from the July 10, 2014, disturbance at the Walnut Grove Correctional Facility (WGCF) operated by the Defendant, Management & Training Corporation (hereinafter "MTC"). WGCF has a well-documented and troubled history that was ongoing at the time of the subject disturbance. For reasons that have yet to be explained, MTC failed to operate the facility in accordance with the facility management agreement and industry standards yet was never held accountable by MDOC. Plaintiff alleges that MTC's gross mismanagement contributed to the occurrence and his severe bodily injuries and disability.

During the course of discovery, MTC identified a prior similar lawsuit arising out of the same July 10, 2014 disturbance pending in Leake County, Mississippi, and referenced numerous suits filed against it as listed by an ECF docket reports in the Northern and Southern Districts in Mississippi. **See Exhibit A, MTC Interrogatory Responses, July 12, 2018.** However, MTC willfully failed to disclose a pending suit alleging corporate corruption with respect to the facility

in question filed against it on February 8, 2017, by State of Mississippi, in the Circuit Court of Hinds County, Mississippi. **See Exhibit B, State of Mississippi v. Management & Training Corp.** MTC knew that a host of skilled trial lawyers retained by the State of Mississippi, were aggressively pursuing recovery of state funds paid to MTC for operating Mississippi prison facilities under contracts procured through a bribery scheme that began in June of 2012 through March of 2014 that involved Cecil McCrory, former MDOC Commissioner Chris Epps, and MTC.

MTC also produced a Contract Monitoring Program policy that it purportedly adopted and implemented that was understood to be the sole policy relating to contract compliance for the WGCFfacility. **See Exhibit C, Contract Monitoring Program, Policy Number 16-29.** However, it concealed and willfully failed to produce the comprehensive and substantive Contract Monitoring Program Standard Operating Procedures (SOP). **See Exhibit D, Contract Monitoring Program, SOP Number 16-29-01.**[1] In addition to the requirements of Policy Number 16-29, the SOP enhanced monitoring and reporting requirements. According to the SOP, MTC was required to submit monthly reports, the Contractor Monitor was required to complete weekly monitoring reports, quarterly, semi-annual and annual audits as directed by MDOC. In addition, the MDOC Contract Monitor was required ensure adequate staffing, adequate emergency training and preparedness. Further, MDOC had the authority to appoint a subject matter expert/quality assurance team to conduct quarterly audits and demand vendor compliance with proposed corrective actions.

In short, MDOC issued a comprehensive Contract Monitoring Policy that bound MTC and itself to certain requirements. And based on the documents obtained by the Plaintiff through

---

[1] This document was obtained through a public records request served on MDOC on September 26, 2018, and was received by the Plaintiff on October 24, 2018, and first reviewed by the undersigned on or about November 2, 2018.

discovery in this action, MTC utterly failed to comply with and MDOC utterly failed to enforce the requirements of the Contract Monitoring Program. **See Doc # [97] and Doc. # [100].** For this reason alone, it is obvious that MTC concealed the SOP and the Hinds County litigation in order to hinder proof of enhanced culpability.

MTC's failure to disclose the Hinds County, Mississippi litigation and the Contract Monitoring Program SOP is not coincidental. MTC knew that McCrory, as the liaison between MDOC and MTC with respect to the subject contract, may have discoverable knowledge concerning whether Epps provided favorable official action to MTC with respect to contractual compliance issues that contributed to the occurrence. Critical contractual compliance issues that could have contributed to the disturbance are as follows: (1) contraband control; (2) staff and inmate morale; (3) staffing levels; (4) training and emergency preparedness; (5) contact facility quality control program; (6) drills and contingency plan protocols in place and exercised.

Finally, MTC, in its Answer to the Complaint, falsely claimed that Lepher Jenkins was the warden of WGCF at all relevant times alleged in the First Amended Complaint. **See Exhibit E & F, Complaint and Answer.** Based on the Answer and Jenkins discovery responses on August 15, 2018, Plaintiff presumed that Jenkins was the facility Warden and took his deposition in the State of Texas. During the deposition, Plaintiff confirmed that Jenkins was not the facility warden at any before or during the subject disturbance and assumed the position of warden perhaps a few days or weeks after the disturbance. MTC knew that the average tenure of a warden at WGCF was roughly six months and that such a high turnover rate contributed to institutional chaos. Jenkins' Answer to the Plaintiff's Complaint obviously gives the false impression that WGCF had a full time warden on duty at the time of the disturbance. This falsehood that was advance to bolster or enhance the perception of MTC's institutional

management force, would not have been uncovered if Plaintiff's counsel had not traveled over 5 hours or more to depose the Mr. Jenkins.

Plaintiff has suffered prejudice by reliance on Defendant's false discovery responses and pleadings. If Defendant had not filed false pleadings, provided adequate disclosures and truthful discovery responses, Plaintiff could have deposed other witnesses and requested other documents relating to the theory of liability in this action. These non-disclosures form the basis of Plaintiff's Motion to Strike Defense and Partial Summary Judgment with respect to liability.

## II. RULE 37 STANDARD FOR DISCOVERY ABUSES

Fed. R. Civ. P. 37 provides that failure to serve interrogatory answers may result in any sanction available under Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) which includes striking pleadings in whole or in part or rendering default judgment. A trial court's imposition of sanctions under Rule 37 is discretionary. *Jones v. Jones,*, 995 So.2d 70, 711 (Miss. 2008).

## III. LEGAL ARGUMENT

Plaintiff seeks dismissal of Defendant, MTC's defenses pursuant to Fed. R. Civ. P. 37 as a sanction for its failure to disclose prior and current lawsuits pending against it, and other information that if disclosed, would have led to the discovery of admissible evidence and drastically altered the course of discovery. As the docket clearly reflects, MTC has blatantly abused the discovery process and forced Plaintiff to work under its timeline to obtain discoverable information.

The Fifth Circuit Court of Appeals has articulated specific factors which must be considered before dismissing a case or striking defenses for a discovery violation such as the one at issue in this case. These factors, known as the "*Conner* factors," are whether:

> (1) the refusal to comply results from **willfulness or bad faith** and is accompanied by a clear record of delay or contumacious

conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct **must substantially prejudice the opposing party**; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Morris v. Fox,* 2014 U.S. Dist. LEXIS 30576, *3 (S.D. Miss. March 10, 2014) (quoting *Moore v. CITGO Ref. & Chemicals Co., L.P.,* 735 F.3d 309, 316 (5th Cir. 2013)(internal quotation marks omitted) (emphasis added).

MTC's willful nondisclosures are largely identical to those of a lying Plaintiff whose claims were dismissed for concealment of her rather extensive litigation history. *Avare v. Gulfside Casino P'Ship,* 178 So.3d 796 (Miss. Ct. App. 2013). In *Avare,* the Mississippi Court of Appeals found that the trial court did not abuse its discretion by imposing the ultimate sanction of dismissal. MTC, much like the Plaintiff in *Avare*, failed to disclose relevant information to protect its already damaged credibility and reputation.

  A. **Application of the *Conner* Factors Support Striking Defendant's Defenses**

    i. **Defendant's Non-Disclosures Were Willful, Intentional and Done in Bad-Faith**

It is apparent that MTC's discovery violations were calculated and designed to create a firewall around its core management failures found at the epicenter of contract compliance. MTC presumed that if Plaintiff could not access the failures or deficiencies in the area of contract compliance and the likely source of the lack of accountability; i.e. corporate fraud and bribery, then it could litigate this case much as it would any other "inmate on inmate" assault. This mono causal defense theory is evident throughout MTC's pleadings in this case as it attempts to shift all blame for the disturbance on "dirty officers" and "gang members." The fact of the matter is MTC's executive officers and corporate officers were willfully indifferent to security and not financially incentivized to comply with the contract.

### ii. The Plaintiff has Been Prejudiced by the Non-Disclosures

Defendant's non-disclosures resulted in severe prejudice to the Plaintiff. The Case Management Order in this action was entered on April 25, 2018, and provided for discovery through January, 2019. Defendant grudgingly produced documents and responded to interrogatories in July of 2018, after the scheduling of a discovery conference. After a dogged effort by Plaintiff's counsel to schedule depositions of MTC employees, the first deposition was scheduled on September 17, 2018, one of which was the deposition of Lepher Jenkins who did not assume the position of facility Warden until August, 2014. Plaintiff has filed three motions to compel discovery during the course of this proceeding due to Defendants' willful failure to respond to discovery requests. In short, MTC has caused Plaintiff to expend six months of discovery chasing phantom Defendants while it concealed documents relevant to the core issues of contract compliance.

The discovery deadline has already been extended in this action which resulted in a continuance of the trial originally scheduled for June, 2019. Discovery will expire on February 21, 2019, and if the past is a predictor of the future, Plaintiff will not have the ability to effectively pursue discovery concerning issues raised by the Defendant's nondisclosures. For example, numerous depositions of persons that are still unknown to the Plaintiff may be necessary based on what is revealed by the documents obtained relevant to the Contract Compliance Program SOP.

### iii. A Less Drastic Sanction Will Not Achieve the Desired Deterrent Effect

The only acceptable deterrent for Defendant's willful misconduct is to strike its defenses, enter default judgment in favor of the Plaintiff, and submit the case to jury on the issue of damages only. Plaintiff's counsel has spent countless hours and wasted great intellectual effort

pursuing a theory of liability to this point and is now compelled to shift course and pursue alternative theories of liability. In addition, MTC concealed discoverable information from the Plaintiff that was central to questions concerning liability and aggravating factors.

## **CONCLUSION**

At the end of the day the Court must simply decide whether to hold the Defendants accountable for false discovery responses as it would any other litigant. MTC is an experienced, well-resourced litigant hat has ample resources, personnel and institutional data to catalog data and provide accurate discovery responses. Further, it is represented by competent counsel employed by a prestigious regional firm. The Court need only consider the *Conner* factors to reach the appropriate decision. For these reasons, default judgment is appropriate.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court strike MTC's defenses and enter default judgment in favor of the Plaintiff.

Respectfully submitted this the 6th day of November, 2018.

                                      JAMES PICKENS, PLAINTIFF

                                      By:__s/Yancy B. Burns_ _____
                                            Yancy B. Burns

Yancy B. Burns (MSB # 99128)
Burns & Associates, PLLC
Post Office Box 16409
Jackson, Mississippi 39236-6409
Telephone (601) 487-6997
Facsimile (601) 487-6958
yburns@burnsandassociateslaw.com

## CERTIFICATE OF SERVICE

I, Yancy B. Burns, attorney for the Plaintiff, James Pickens, do hereby certify that I have this day served a true and correct copy of the foregoing via ECF filing to the following attorney of record for the Defendant:

R. Jarrad Garner
Jarrad.garner@arlaw.com

Lindsey O. Watson, Esq.
Lindsey.oswalt@arlaw.com

SO CERTIFIED this the 6th day of November, 2018.

                                               _s/Yancy B. Burns_____
                                               Yancy B. Burns