IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JAMES PICKENS, <br>     *Plaintiff* | ) <br> ) <br> ) |
| vs. | )    **Civil Action No. 3:16-cv-913-CWR-FKB** <br> ) |
| MANAGEMENT & TRAINING <br> CORPORATION, *et al.*, <br>     *Defendants* | ) <br> ) <br> ) |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S
THIRD MOTION TO COMPEL**

    Defendants Management & Training Corporation, Lepher Jenkins, Grady Wallace, Terry Daniel, and Amedio Colangelo (collectively "MTC"), through counsel and pursuant to the Federal Rules of Civil Procedure, file this Response in Opposition to Plaintiff's Third Motion to Compel [Doc. 102].

**INTRODUCTION**

    Without attaching a good faith certificate, Plaintiff filed his Third Motion to Compel. This Court should dismiss Plaintiff's motion on this basis alone.

    But Plaintiff's requests are also deficient in other respects. Requests for Production No. 51 and 52 plainly exceed the 45 requests for production allowed to Plaintiff in this Court's Case Management Order. Plaintiff should not be permitted to disregard the requirements of the CMO with impunity.

    Further, as previously explained, Cecil McCrory has no information relevant to this case. In the same vein, documents relating to McCrory have no relationship to Plaintiff's claims—and he has not shown how they relate to his purported injuries. Likewise, the requests themselves are exceptionally overbroad, and contain no reasonable time or topic limitations. Indeed, Request

1

No. 52 unaccountably seeks all bonus payments made to any MTC employee at Walnut Grove. There is no indication such documents relate to the incident allegedly giving rise to Plaintiff's injury or will otherwise lead to the discovery of admissible evidence. For all of these reasons, Plaintiff's third motion to compel should be denied.

## LAW AND ARGUMENT

I. **This Court should dismiss Plaintiff's Motion for failure to comply with Fed. R. Civ. P. 37(a) and the local rules.**

Federal Rule of Civil Procedure 37 governs the proper procedure for the filing of a discovery motion. It requires that prior to filing such a motion, the movant must confer in good faith with the opposing party concerning the issues before the Court. Fed. R. Civ. P. 37(a). Assuming good faith efforts have been made, and the parties remain at odds, the movant must, according to the local rules, attach a "Good Faith Certificate" to his motion. Loc. U. R. 37(a). If the opposing party refuses to execute the Good Faith Certificate, the moving party must file an affidavit or declaration detailing the lack of cooperation from the opposing party. *Id.* The local rules make clear that failure to comply with the requirement of a good faith conference and certificate "will result in a denial of the motion without prejudice to the party...." *Id.*

Here, Plaintiff has not presented MTC with a good faith certificate or attached a declaration to his motion. Instead, he appears to have simply ignored the rule. Accordingly, dismissal of Plaintiff's motion is appropriate. Further, the same local rule also requires a party seeking relief under Fed. R. Civ. P. 34 to quote the language of any disputed discovery request within his motion. Loc. U. R. 37(b). Plaintiff also has not complied with this rule. Plaintiff's disregard of the local rules justifies dismissal of his motion.

2

**II. Requests for Production Nos. 51 and 52 are indisputably in excess of the 45 requests for production Plaintiff is permitted under the Case Management Order.**

Even if this Court considers Plaintiff's motion without an attached good faith certificate, it should deny the motion on its merits. The Case Management Order in this action permits Plaintiff 45 requests for production—an already high number. Doc. No. 44. Yet without seeking leave of court, Plaintiff has now propounded more than fifty document requests to MTC. The two requests he specifically references in his third motion to compel are Requests No. 51 and 52. Obviously, these requests go well beyond the 45 he is permitted. This Court should dismiss Plaintiff's motion because it seeks, on its face, discovery to which he is not entitled under this Court's governing Case Management Order.

**III. MTC should not be required to produce documents relating to Cecil McCrory, which are irrelevant to the allegations in this case.**

Plaintiff's Third Motion to Compel operates on the assumption that this Court will definitively grant his prior motion to depose Cecil McCrory. MTC strongly opposed and continues to oppose Plaintiff's attempts to depose McCrory on the basis that he has no discoverable information in this case, and his deposition would impose undue burden and expense on MTC. MTC incorporates by reference, as if set forth fully herein, its Response in Opposition to Plaintiff's Motion to Take McCrory's Deposition. Doc. No. 91. Those reasons support a finding by this Court that documents relating to McCrory or his work at MTC have no relevance to this case. As a result, Plaintiff's Motion to Compel them should be denied.

**IV. Requests No. 51 and 52 are overly broad and not reasonably limited in time or scope.**

Plaintiff specifically seeks to compel MTC to respond to Requests for Production No. 51 and 52. These requests are as follows:

**Request for Production No. 51**: Please produce copies of any and all invoices or requests for payment for services performed and all work product produced and provided to Defendant with respect to consulting work performed by Cecil McCrory for or on behalf of the Defendant from June 1, 2012, until September 1, 2016.

**Request for Production No. 52**: Please produce a copy of each and every bonus check or incentive bonus paid to Defendant's employees employed at WGCF from July 15, 2012 through January 1, 2015.

Even if one assumes Cecil McCrory has relevant information to this case, Request No. 51 still improperly seeks every document related to McCrory's work with MTC from the time MTC took over at Walnut Grove until well after the incident at issue in this lawsuit. Plaintiff offers no justification for seeking documents relating to McCrory that were produced *after* the incident in question. Nor does he suggest in his motion what work McCrory might have been doing two years before the incident that relates to the injuries Plaintiff received there or, more specifically, Walnut Grove Correctional Facility, where the subject incident occurred.

Equally important, Request No. 51 is not limited topically. It simply seeks all of McCrory's invoices and all of McCrory's work product. It is, in short, a fishing expedition. Plaintiff does not offer any specificity as to what project McCrory might have worked on that would be relevant to this case, his injuries, or Walnut Grove. Nor does it seek only McCrory-related documents relevant to a particular topic, even a broad one. There are simply no topical parameters on this request. Rather, Plaintiff appears merely to rely on the fact that McCrory is a bad actor who had a relationship with MTC. But he makes no effort to show how McCrory's bad acts relate to this case.

Request No. 52 is even more overbroad than number 51. A request for documents showing all bonus checks or incentives paid to anyone has no rational relationship to the facts at issue in this case. MTC should not be required to disclose financial payments to employees on Plaintiff's unsupported claim that he needs them to prove his case. Plaintiff has offered no rationale for the

4

production of these items, and has made no effort to limit this request in a reasonable manner. MTC should not be required to guess which payments to which individuals interest Plaintiff. If Plaintiff has genuine reason to believe improper payments were made that are relevant to his injuries, he should be able to provide more specificity in his request. Until he does so, this Court should not compel MTC to answer Plaintiff's unreasonable request.

## CONCLUSION

For the foregoing reasons, MTC respectfully requests this Court deny Plaintiff's Motion to Compel and grant to MTC any and all other relief the Court deems appropriate.

Respectfully submitted, this the 30th day of November, 2018.

                                MANAGEMENT & TRAINING
                                CORPORATION, ET AL.

By:   /s/ R. Jarrad Garner
        R. Jarrad Garner (MSB# 99584)
        Lindsey O. Watson (MSB# 103329)
        Adams and Reese, LLP
        1018 Highland Colony Parkway, Suite 800
        Ridgeland, Mississippi 39157
        Office: (601) 353-3234
        Fax:   (601) 355-9008
        jarrad.garner@arlaw.com
        lindsey.watson@arlaw.com

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, attorney for Defendants, do hereby certify that I have, this day, filed the foregoing with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served on all counsel of record.

Dated: November 30, 2018.

                                /s/ R. Jarrad Garner
                                R. Jarrad Garner